1 | JEFFREY N. LABOVITCH (NBN 10915)
jlabovitch@nicolaidesllp.com
2 | NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
3 | 4225 Executive Square, Suite 1250
La Jolla, CA 92037
4 | Telephone:     (858) 257-0700
Facsimile:      (858) 257-0701
5 |

6 | JUSTIN J. BUSTOS (NBN 10320)
JBustos@dickinsonwright.com
7 | DICKINSON WRIGHT PLLC
100 West Liberty Street, Suite 940
8 | Reno, Nevada 89501-1991
Telephone:     (775) 343-7500
9 | Facsimile:      (844) 670-6009

10 |

11 | *Designated solely for personal service
pursuant to District of Nevada LR IA 11-1(b)*

12 |
Attorneys for Plaintiff
13 | EVANSTON INSURANCE COMPANY

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, a company organized under the laws of the State of Illinois, | Case No.: |
| Plaintiff, | **EVANSTON INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER** |
| vs. | |
| AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada Corporation; REAL WATER, INC., a Delaware Corporation; REAL WATER OF TENNESSEE, LLC; COSTCO WHOLESALE CORPORATION, a Washington corporation;  KEHE DISTRIBUTORS, INC.; KEHE DISTRIBUTORS OF NEVADA, LLC, a Delaware limited liability company; NEVADA BEVERAGE CO., a Nevada corporation; BRYAN ABELE, individually; SANDRA ABELE, individually; T.A., a minor child, by and through his parents, BRYAN and SANDRA ABELE; ALLON ADAR-BURLA, | |

individually; AGNES ALEKSANDER, individually; PETER ANTHONY ARAMBULA, individually; YVONNE ARNONE, individually; SYLVIA ATANSOVA, individually; RICHARD BELSKY, individually; KRISTINA A. ALLAN, formerly KRISTINA A. BIENEK, individually; STEPHAN BONNAR, individually; ANDRIA BORDENAVE, individually; JEREME BOTIZ, individually; CATHERINE BRITTON, individually; MIRIAM BRODY, individually; HUNTER BROWN, individually; PAMELA BROWN, individually; SARAH CALLOVI, individually; ARIKA CARRIER, individually; RYAN CARRIER, individually; H.C., a minor child, by and through her parents ARIKA and RYAN CARRIER; F.C., a minor child, by and through his parents ARIKA and RYAN CARRIER; NICOLE CHANG, individually; CRYSTAL CHOBAK, individually; JENNA CONSIGLIO, individually; NIEGAL DAVIS-RICHARD, individually; JAMES J. DELMAR, individually; VANYA DIAZ, individually; TYLER DIELMANN, individually; KATHLEEN GACIAS, individually; MATTHEW GONZALEZ, individually; TINA HARTSHORN, individually; TIQUIONTE HENRY, individually; JUAN DWAYNE HIGH, individually; JAMES HU, individually; MYLES HUNWARDSEN, individually; ESTATE OF MILO HURST; TEVIS HURST, individually and as Administratrix of the ESTATE OF MILO HURST; YANIV ITTAH, as Special Administrator of the ESTATE OF ADIR ITTAH (DECEDENT); BLAIN JONES, individually; CINDY JONES, individually; LORRAINE A. KALAYANAPRAPRUIT, individually; KOUROSH KAVEH, individually; JILL RAW, individually; L.K., a minor child, by and through her parents KOUROSH KAVEH and JILL RAW; LISA KING, individually; JOHN KURHANEWICZ, individually; SHELBY KURHANEWICZ, individually; GINGER LAND-VAN BUREN, individually; VINCENT LINKE, individually; CARY MANO, individually; JOSE MARTINEZ, individually; GRAY MAYNARD, individually; ROBERT L. MCGOVERN, individually; RUDY MORALES, individually; JORGE MORALES, individually; S.M., a minor child, by and through his father

JORGE MORALES; KARLA MORENO, individually; CHRISTIAN MORIMANDO, individually; GLEN MORRIS, individually; LORENZO MUNIZ, individually; CHERYL NALLY, individually; MONICA BRANCH NOTO, individually; ABRAHAM ENRIQUE OLVERA, individually; BRENDA ALANIZ, as Guardian Ad Litem for ABRAHAM ENRIQUE OLVERA; BRUCE PARENT, individually; ANDREA PROKOVA, individually; CHERI RASMUSSEN, individually; JESCE RICHT, individually; JUDITH RYERSON, as Special Administratix of the ESTATE OF KATHLEEN RYERSON and as heir of KATHLEEN MUSTAIN RYERSON (DECEDENT); RICHARD RYERSON, as heir of KATHLEEN MUSTAIN RYERSON (DECEDENT); PATRICIA SUTHERLAND, as heir of KATHLEEN MUSTAIN RYERSON (DECEDENT); JAZMIN SCHAFFER, individually; CANDICE SHARAPOV, individually; NIKOLAY SHARAPOV, individually; L.S., a minor child, by and through his parents CANDICE and NIKOLAY SHARAPOV; Z.S., a minor child, by and through her parents CANDICE and NIKOLAY SHARAPOV; CHRISTINA SOSA, individually; CAROLYN STRONG, individually; LI CHING TAO, individually; DANIEL TAYLOR, individually; JOSEPH TEGANO, individually; NATHAN VINCELETTE, individually; MONICA VOZZA, individually; STEVEN WADKINS, individually; DAISY WEI, individually; SANTEE WILLIAMS, individually; L.Y.W., a minor child by and through her mother SANTEE WILLIAMS; L.O.W., a minor child by and through her mother SANTEE WILLIAMS; BRANDY WREN, individually; CHRISTOPHER BRIAN WREN, individually; EMELY WREN, individually; C.N.W., a minor child by and through his Guardian Ad Litems CHRISTOPHER BRIAN and EMELY WREN; GRACIE ZIMMERMAN, individually, and DOES 1 through 100, inclusive,

Defendants.

Plaintiff Evanston Insurance Company ("Evanston" or "Plaintiff"), by and through its attorneys, brings this Complaint in Interpleader and states as follows**:**

## I.    NATURE OF THE ACTION

1.      Evanston seeks to interplead its full $1,000,000 liability limit for the excess insurance policy it issued to Real Water, Inc.  This amount is being interplead based on the many competing and conflicting claims pending against Real Water, Inc. ("RWI"), Real Water of Tennessee, Inc. ("RWT") and Affinitylifestyles.com, Inc. d/b/a Real Water ("Affinity") (collectively with RWI and RWT, "Real Water Entities") made by dozens of individuals who each allege they suffered bodily injuries upon consuming a product called "Real Alkalized Water."  Some individuals have obtained judgments against Real Water, and additional claims are scheduled for trial to begin in the coming months.  Real Water stipulated to liability in the cases that have gone to verdict so far, thus focusing the cases on damages.  On information and belief, each of these individuals claim an interest in the proceeds from the insurance policy interpled ("Insurance Proceeds").

2.      The Real Water Entities are consolidated Debtors that filed a Petition in Nevada Bankruptcy Court, Case No.: 21-14099-nmc, for relief pursuant to Chapter 7 of the Bankruptcy Code.

3.      On August 9, 2024, Insurers Ohio Security Insurance Company, Peerless Indemnity Insurance Company, The Ohio Casualty Insurance Company, and West American Insurance Company ("Liberty Insurers") filed a declaratory relief action in order to obtain a judicial determination of their rights and obligations under the policies issued by them to Real Water. *See Ohio Security Insurance Company, et al. v. Affinitylifestyles.com, Inc*., et al, No. 23-01082, ECF No. 1 (Bankr. D. Nev. April 12, 2023) ("Adversary Proceeding"). Liberty Insurers moved to interplead into the court the full remaining aggregate limits of their liability insurance policies. Adversary Proceeding, ECF No. 23.

4.      Evanston issued a liability policy to RWI that is excess of at least one of the Liberty Insurers' policies. As an excess carrier, Evanston's policy is not triggered unless and until the underlying layers of insurance are first exhausted.

5.      On January 28, 2025, Evanston moved to intervene in the Adversary Proceeding so that, in the event the bankruptcy court allowed the Liberty Insurers to interplead their Insurance Proceeds, Evanston would also be permitted to interplead its full $1,000,000 excess liability limit.

6.      On March 11, 2025, the bankruptcy court entered an order dismissing the Adversary Proceeding for lack of bankruptcy court jurisdiction and denied Evanston's motion to intervene as moot.  *See Order Granting Motion to Dismiss or, Alternatively, Motion to Abstain*, Adversary Proceeding ECF No. 115.  In so doing, the bankruptcy court determined that the automatic stay of litigation imposed by 11 U.S.C. § 362(a) is not applicable to Evanston's interpleader of its policy proceeds.  Thus, Evanston is permitted to pursue its interpleader action in any nonbankruptcy court of competent jurisdiction.

7.      By interpleading the full policy limit for the Evanston excess policy, Evanston seeks to disavow its interest in the Insurance Proceeds to be interpleaded and to proceed immediately with a disbursal of the policy proceeds to the individual claimants in respective amounts to be determined by this Court.

## II.      PARTIES

8.      Plaintiff Evanston Insurance Company is a company organized under the laws of the State of Illinois with its principal place of business in Illinois.

9.      Upon information and belief, and at all times relevant herein, Defendant Affinitylifestyles.com, Inc. d/b/a Real Water was and is a corporation organized and existing under the laws of Nevada and with its principal place of business in Las Vegas, Nevada.

10.     Upon information and belief, and at all times relevant herein, Defendant Real Water, Inc. is a corporation organized and existing under the laws of Delaware and with its principal place of business in Mesa, Arizona.

11.     Upon information and belief, and at all times relevant herein, Defendant Real Water of Tennessee, LLC is a limited liability company organized and existing under the laws of Delaware and with its principal place of business in Mesa, Arizona.

12.     Upon information and belief, and at all times relevant herein, Defendant Costco Wholesale Corporation is a corporation organized and existing under the laws of Washington and with its principal place of business in Issaquah, Washington.

13.     Upon information and belief, and at all times relevant herein, Defendant KeHE Distributors, Inc. is a corporation organized and existing under the laws of Delaware and with its principal place of business in Naperville, Illinois.

14.     Upon information and belief, and at all times relevant herein, Defendant KeHE Distributors, LLC, also known as KeHE Distributors of Nevada, LLC, is a limited liability company organized and existing under the laws of Delaware and with its principal place of business in Naperville, Illinois.

15.     Upon information and belief, and at all times relevant herein, Defendant Nevada Beverage Co. is a corporation organized and existing under the laws of Nevada and with its principal place of business in Las Vegas, Nevada.

**TORT CLAIMANTS**

The following Tort Claimants, identified as defendants in the Liberty Plaintiffs' Adversary Complaint and the Liberty Interpleader Complaint, are also listed here as defendants:

16.     Evanston is informed and believes, and thereon alleges, that Defendant Bryan Abele, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

3

17.     Evanston is informed and believes, and thereon alleges, that Defendant Sandra Abele, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

18.     Evanston is informed and believes, and thereon alleges, that Defendant T.A., a minor child, by and through his parents, Bryan and Sandra Abele, is and was at all relevant times a resident of and domiciled in Nevada.

19.     Evanston is informed and believes, and thereon alleges, that Defendant Allon Adar-Burla, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

20.     Evanston is informed and believes, and thereon alleges, that Defendant Agnes Aleksander, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

21.     Evanston is informed and believes, and thereon alleges, that Defendant Peter Anthony Arambula, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

22.     Evanston is informed and believes, and thereon alleges, that Defendant Yvonne Arnone, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

23.     Evanston is informed and believes, and thereon alleges, that Defendant Sylvia Atansova, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

24.     Evanston is informed and believes, and thereon alleges, that Defendant Richard Belsky, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

25.     Evanston is informed and believes, and thereon alleges, that Defendant Kristina A. Allan, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

26.    Evanston is informed and believes, and thereon alleges, that Defendant Stephan Bonnar, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

27.    Evanston is informed and believes, and thereon alleges, that Defendant Andria Bordenave, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

28.    Evanston is informed and believes, and thereon alleges, that Defendant Jereme Botiz, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

29.    Evanston is informed and believes, and thereon alleges, that Defendant Catherine Britton, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

30.    Evanston is informed and believes, and thereon alleges, that Defendant Miriam Brody, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

31.    Evanston is informed and believes, and thereon alleges, that Defendant Hunter Brown, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

32.    Evanston is informed and believes, and thereon alleges, that Defendant Pamela Brown, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

33.    Evanston is informed and believes, and thereon alleges, that Defendant Sarah Callovi, an individual, is and was at all relevant times a resident of and domiciled in Nevada.[1]

34.    Evanston is informed and believes, and thereon alleges, that Defendant Arika Carrier, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

---

[1] Per the Kemp Jones law firm, claimant Callovi intends on filing a claim against Affinity and RWI.

35.     Evanston is informed and believes, and thereon alleges, that Defendant Ryan Carrier, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

36.     Evanston is informed and believes, and thereon alleges, that Defendant H.C., a minor child, by and through her parents, Arika and Ryan Carrier, is and was at all relevant times a resident of and domiciled in Nevada.

37.     Evanston is informed and believes, and thereon alleges, that Defendant F.C., a minor child, by and through his parents, Arika and Ryan Carrier, is and was at all relevant times a resident of and domiciled in Nevada.

38.     Evanston is informed and believes, and thereon alleges, that Defendant Nicole Chang, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

39.     Evanston is informed and believes, and thereon alleges, that Defendant Crystal Chobak, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

40.     Evanston is informed and believes, and thereon alleges, that Defendant Jenna Consiglio, an individual, was at all relevant times a resident of Nevada and is currently a resident of and domiciled in North Dakota.

41.     Evanston is informed and believes, and thereon alleges, that Defendant Niegal Davis-Richard, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

42.     Evanston is informed and believes, and thereon alleges, that Defendant James J. Delmar, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

43.     Evanston is informed and believes, and thereon alleges, that Defendant Vanya Diaz, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

44. Evanston is informed and believes, and thereon alleges, that Defendant Tyler Dielmann, an individual, was at all relevant times a resident of California and is currently a resident of and domiciled in New York.

45. Evanston is informed and believes, and thereon alleges, that Defendant Kathleen Gacias, an individual, is and was at all relevant times a resident of and domiciled in California.

46. Evanston is informed and believes, and thereon alleges, that Defendant Matthew Gonzalez, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

47. Evanston is informed and believes, and thereon alleges, that Defendant Tina Hartshorn, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

48. Evanston is informed and believes, and thereon alleges, that Defendant Tiquionte Henry, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

49. Evanston is informed and believes, and thereon alleges, that Defendant Juan Dwayne High, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

50. Evanston is informed and believes, and thereon alleges, that Defendant James Hu, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

51. Evanston is informed and believes, and thereon alleges, that Defendant Myles Hunwardsen, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

52. Evanston is informed and believes, and thereon alleges, that Defendant Tevis Hurst, as an individual and as Administratrix of the Estate of Milo Hurst, is and was at all relevant times a resident of and domiciled in Nevada.[2]

---

[2] Per the Kemp Jones law firm, claimant Hurst intends on filing a claim against Affinity and RWI.

53.     Evanston is informed and believes, and thereon alleges, that Defendant Yaniv Ittah, as special administrator of the Estate of Adir Ittah, is and was at all relevant times a resident of and domiciled in Nevada.

54.     Evanston is informed and believes, and thereon alleges, that Defendant Blain Jones, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

55.     Evanston is informed and believes, and thereon alleges, that Defendant Cindy Jones, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

56.     Evanston is informed and believes, and thereon alleges, that Defendant Lorraine A. Kalayanaprapruit, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

57.     Evanston is informed and believes, and thereon alleges, that Defendant Kourosh Kaveh, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

58.     Evanston is informed and believes, and thereon alleges, that Defendant Jill Raw, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

59.     Evanston is informed and believes, and thereon alleges, that Defendant L.K., a minor child, by and through her parents Kourosh Kaveh and Jill Raw, is and was at all relevant times a resident of and domiciled in Nevada.

60.     Evanston is informed and believes, and thereon alleges, that Defendant Lisa King, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

61.     Evanston is informed and believes, and thereon alleges, that Defendant John Kurhanewicz, an individual, is and was at all relevant times a resident of and domiciled in California.

62.     Evanston is informed and believes, and thereon alleges, that Defendant Shelby Kurhanewicz, an individual, is and was at all relevant times a resident of and domiciled in California.

63.     Evanston is informed and believes, and thereon alleges, that Defendant Ginger Land-Van Buren, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

64.     Evanston is informed and believes, and thereon alleges, that Defendant Vincent Linke, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

65.     Evanston is informed and believes, and thereon alleges, that Defendant Cary Mano, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

66.     Evanston is informed and believes, and thereon alleges, that Defendant Jose Martinez, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

67.     Evanston is informed and believes, and thereon alleges, that Defendant Gray Maynard, an individual, is and was at all relevant times a resident of and domiciled in Michigan.

68.     Evanston is informed and believes, and thereon alleges, that Defendant Robert L. McGovern, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

69.     Evanston is informed and believes, and thereon alleges, that Defendant Rudy Morales, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

70.     Evanston is informed and believes, and thereon alleges, that Defendant Jorge Morales, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

71.     Evanston is informed and believes, and thereon alleges, that Defendant S.M., a minor child, by and through his father Jorge Morales, is and was at all relevant times a resident of and domiciled in Nevada.

72.     Evanston is informed and believes, and thereon alleges, that Defendant Karla Moreno, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

73.     Evanston is informed and believes, and thereon alleges, that Defendant Christian Morimando, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

74.     Evanston is informed and believes, and thereon alleges, that Defendant Glen Morris, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

75.     Evanston is informed and believes, and thereon alleges, that Defendant Lorenzo Muniz, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

76.     Evanston is informed and believes, and thereon alleges, that Defendant Cheryl Nally, an individual, is and was at all relevant times a resident of and domiciled in Oregon.

77.     Evanston is informed and believes, and thereon alleges, that Defendant Monica Branch Noto, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

78.     Evanston is informed and believes, and thereon alleges, that Defendant Abraham Enrique Olvera, is and was at all relevant times a resident of and domiciled in Nevada.

79.     Evanston is informed and believes, and thereon alleges, that Defendant Brenda Alaniz, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

80.    Evanston is informed and believes, and thereon alleges, that Defendant Bruce Parent, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

81.    Evanston is informed and believes, and thereon alleges, that Defendant Andrea Prokova, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

82.    Evanston is informed and believes, and thereon alleges, that Defendant Cheri Rasmussen, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

83.    Evanston is informed and believes, and thereon alleges, that Defendant Jesce Richt, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

84.    Evanston is informed and believes, and thereon alleges, that Defendant Judith Ryerson, as Special Administratix of the Estate of Kathleen Ryerson and as heir of Kathleen Mustain Ryerson, deceased, is and was at all relevant times a resident of and domiciled in Nevada.

85.    Evanston is informed and believes, and thereon alleges, that Defendant Richard Ryerson, as heir of Kathleen Mustain Ryerson, deceased, is and was at all relevant times a resident of and domiciled in Wisconsin.

86.    Evanston is informed and believes, and thereon alleges, that Defendant Patricia Sutherland, as heir of Kathleen Mustain Ryerson, deceased, is and was at all relevant times a resident of and domiciled in Nevada.

87.    Evanston is informed and believes, and thereon alleges, that Defendant Jazmin Schaffer, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

88.    Evanston is informed and believes, and thereon alleges, that Defendant Candice Sharapov, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

89.     Evanston is informed and believes, and thereon alleges, that Defendant Nikolay Sharapov, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

90.     Evanston is informed and believes, and thereon alleges, that Defendant L.S., a minor child, by and through his parents Candice and Nikolay Sharapov, is and was at all relevant times a resident of and domiciled in Nevada.

91.     Evanston is informed and believes, and thereon alleges, that Defendant Z.S., a minor child, by and through her parents Candice and Nikolay Sharapov, is and was at all relevant times a resident of and domiciled in Nevada.

92.     Evanston is informed and believes, and thereon alleges, that Defendant Christina Sosa, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

93.     Evanston is informed and believes, and thereon alleges, that Defendant Carolyn Strong, an individual, is and was at all relevant times a resident of and domiciled in California.

94.     Evanston is informed and believes, and thereon alleges, that Defendant Li Ching Tao, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

95.     Evanston is informed and believes, and thereon alleges, that Defendant Daniel Taylor, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

96.     Evanston is informed and believes, and thereon alleges, that Defendant Joseph Tegano, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

97.     Evanston is informed and believes, and thereon alleges, that Defendant Nathan Vincelette, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

98.    Evanston is informed and believes, and thereon alleges, that Defendant Monica Vozza, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

99.    Evanston is informed and believes, and thereon alleges, that Defendant Steven Wadkins, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

100.    Evanston is informed and believes, and thereon alleges, that Defendant Daisy Wei, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

101.    Evanston is informed and believes, and thereon alleges, that Defendant Santee Williams, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

102.    Evanston is informed and believes, and thereon alleges, that Defendant L.Y.W., a minor child by and through her mother Santee Williams, is and was at all relevant times a resident of and domiciled in Nevada.

103.    Evanston is informed and believes, and thereon alleges, that Defendant L.O.W., a minor child by and through her mother Santee Williams, is and was at all relevant times a resident of and domiciled in Nevada.

104.    Evanston is informed and believes, and thereon alleges, that Defendant Brandy Wren, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

105.    Evanston is informed and believes, and thereon alleges, that Defendant Christopher Brian Wren, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

106.    Evanston is informed and believes, and thereon alleges, that Defendant Emely Wren, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

107.    Evanston is informed and believes, and thereon alleges, that Defendant C.N.W., a minor child by and through his Guardian Ad Litems Christopher Brian and Emely Wren, is and was at all relevant times a resident of and domiciled in Nevada.

108.    Evanston is informed and believes, and thereon alleges, that Defendant Gracie Zimmerman, an individual, is and was at all relevant times a resident of and domiciled in Nevada.

109.    Evanston alleges that the true names and capacities, whether individual, corporate, associate or otherwise, of the defendants, DOES 1 through 100, inclusive, are unknown to Evanston at this time, which therefore files this complaint against said defendants by such fictitious names and will request leave of court to amend this complaint to show the true names and capacities when the same have been ascertained. Evanston is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to.

## III.    JURISDICTION AND VENUE

110.    This Court has jurisdiction of this interpleader action under the provisions of 28 U.S.C. § 1335(a) because: (a) the amount in controversy exceeds $500; and (2) "minimal diversity" exists because two or more adverse claimants are citizens of different states. This court is the proper venue for this action under 28 U.S.C. § 1397 because one or more of the claimants reside in this judicial district.

## IV.    THE INSURANCE POLICY

111.    Evanston Insurance Company issued Commercial Excess Liability Policy No. EZXS3023095, effective March 26, 2020 to March 26, 2021, to "Real Water, Inc." in Las Vegas, Nevada (the "Evanston Policy").  See the Evanston Policy attached hereto as Exhibit A.  The Evanston Policy contains limits of $1,000,000 per occurrence and in the aggregate.  RWI, and any other person or organization qualifying as an Insured under the "underlying insurance," qualifies as an Insured under the Evanston Policy.

112.    The Evanston Policy states, in pertinent part, as follows:

**SECTION I.  INSURING AGREEMENT**

1.    We will pay those sums in excess of the limits shown in the Schedule of Underlying Insurance that you become legally obligated to pay as damages because of injury to which this insurance applies, provided that the "underlying insurance" also applies, or would apply but for the exhaustion of its applicable Limits Of Insurance.

2.    This policy is subject to the same terms, conditions, agreements, exclusions and definitions as the "underlying insurance", except:

    a.    We will have no obligation under this policy with respect to any claim or suit that is settled without our consent; and

    b.    With respect to any provisions to the contrary contained in this policy.

3.    The amount we will pay for damages shall not exceed the Limits Of Insurance shown in the Declarations.

\*        \*        \*

**SECTION III.  LIMITS of INSURANCE**

1.    The Limit Of Insurance shown in the Declarations as the Each Occurrence Limit is the most we will pay for damages arising out of any one occurrence or offense.

2.    If a Limit Of Insurance is shown in the Declarations as the Aggregate Limit, that amount will apply in the same manner as the aggregate limits shown in the Schedule of Underlying Insurance.

    a.    We will have no obligation under this policy with respect to any claim or suit that is settled without our consent; and

    b.    With respect to any provisions to the contrary contained in this policy.

3.    The amount we will pay for damages shall not exceed the Limits Of Insurance shown in the Declarations.

\*      \*      \*

**SECTION V.  DEFINITIONS**

"Underlying insurance" means the policies or self-insurance shown in the Schedule of Underlying Insurance, any replacements thereof and other policies purchased or issued for newly acquired or formed organizations.  Policies purchased or issued replacements of policies or self-insurance listed in the Schedule of Underlying Insurance or for newly acquired or formed organizations shall not be more restrictive than those listed in the Schedule of Underlying Insurance. All "underlying insurance" shall be maintained by you in accordance with the Maintenance of Underlying Insurance condition of this policy.

\*      \*      \*

113.    The Evanston Policy's Schedule of Underlying Insurance states it is excess over a commercial general liability policy issued by Ohio Security Insurance Company ("Ohio Security") during the Evanston Policy's effective period.

114.    In its coverage position letter, Evanston explained coverage under the Evanston Policy is not triggered until the limits of the underlying Ohio Security policy are exhausted.

115.    Evanston is aware of Ohio Security's Complaint in Interpleader filed with this Court on March 5, 2025, Case No. 2:25-cv-00399-RFB-EJY.  Ohio Security, in its interpleader, alleges it and the other plaintiff insurers named in the Complaint will deposit their limits of liability into the Registry of the Court, which will effectively exhaust the insurance underlying the Evanston Policy.  On this basis, Evanston will, concurrently with the filing of this Complaint in Intervention, or as soon thereafter as possible, move to deposit its $1,000,000 limit into the Registry of the Court and file a Notice of Deposit with the Court.

**V.    JUDGMENTS AND VERDICTS AGAINST REAL WATER**

116.    As of the date of filing this Complaint, there are four verdicts entered against various Real Water Entities, among other defendants.  Those verdicts were entered in the following actions: *Gallagher et al. v. Affinitylifestyles.com dba Real Water, et al.*, Case No. A-21-834485-B; *Hunwardsen et al. v. Affinitylifestyles.com dba Real Water, et al.*, Case No. A-21-831543-B; the consolidated *Wren et al. v.*

*Affinitylifestyles.com dba Real Water, et al.*, Case No. A-21-831169-B and *Carrier et al. v. Affinitylifestyles.com dba Real Water, et al.*, Case No. A-21-831687-B; and *Hunter Brown v. Affinitylifestyles.com Inc. et al.*, Case No. A-21-831776-B.

117.    The Tort Claimants allege they have obtained several judgments to date. For example, they allege that the total damages awarded in favor of the Plaintiffs in the Gallagher case "may exceed $330,000,000.00 by the end of 2024."  *See Motion to Dismiss or, Alternatively, Motion to Abstain* ("Motion to Dismiss"), Adversary Proceeding, ECF No. 52 at ¶ 9:8-9.  In the Hunter Brown matter, a jury delivered a verdict of $5 Billion against Real Water.  *See* Katelyn Newberg, Jury delivers $5B Verdict in Case Against Las Vegas-based Water Company, Las Vegas Review Journal (October 23, 2024), https://www.reviewjournal.com/local/local-las-vegas/las-vegas-jury-returns-massive-verdict-against-real-water-3195106/.

118.    The Tort Claimants further allege that these claims could have been resolved prior to trial "had the Initial Real Water Debtors' insurers … accepted all the Gallagher Plaintiffs' settlement offers which were all well within policy limits."  *See* Motion to Dismiss, Adversary Proceeding, ECF No. 52 at 9:10-12.

### FIRST CLAIM FOR RELIEF

**(Interpleader Of Insurance Policies)**

119.    Evanston repeats and re-alleges each and every allegation contained in Paragraphs 1 through 118, as though fully set forth herein.

120.    Defendants identified in paragraphs 16 through 109 of this Complaint are Tort Claimants that have or are pursuing judgments against the Real Water Entities and, as a result, certain of the Tort Claimants are currently making competing demands for the proceeds of Evanston's Policy.

121.    As evidenced by the judgments identified above, the limit of Evanston's insurance policy are, have been, and will be insufficient to satisfy all the competing demands for the policy proceeds.

122.    Various Real Water Entities stipulated to liability in all the cases that have gone to verdict, and, as to Real Water Entities, the trials have focused on damages. It is anticipated that Real Water Entities will stipulate to liability in the remaining cases resulting in additional judgments.

123.    Because the competing demands for the proceeds of Evanston's insurance policy exceed the liability limit, and because Evanston is and has been unable to determine which Tort Claimants should be entitled to all or some of the policy's proceeds, Evanston requests that this Court adjudge, declare, and decree:

      a.    That an order be issued requiring Tort Claimants to interplead their claims for proceeds from Evanston's insurance policy;

      b.    That an order be issued dismissing Evanston with prejudice from this action and discharging Evanston from any liability to Defendants with respect to Evanston's insurance policy or its proceeds;

      c.    That an order be issued permanently enjoining and restraining each of the Defendants from instituting or prosecuting any action against Evanston in connection with Evanston's insurance policy and its proceeds; and

      d.    Granting such other and further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Evanston prays for the following relief:

1.    That an order be issued requiring Tort Claimants to interplead their claims for proceeds from Evanston's insurance policy;

2.    That an order be issued dismissing Evanston with prejudice from this action and discharging Evanston from any liability to Defendants with respect to Evanston's insurance policy or its proceeds;

3.    That an order be issued permanently enjoining and restraining each of the Defendants from instituting or prosecuting any action against Evanston in connection with Evanston's insurance policy and its proceeds; and

4.    Granting such other and further relief as the Court may deem just and proper.

Dated:  April 14, 2025                          NICOLAIDES FINK THORPE
                                                MICHAELIDES SULLIVAN LLP

                                        By:_____/s/ Jeffrey N. Labovitch_____
                                                Jeffrey N. Labovitch
                                                Attorney for Plaintiff
                                                EVANSTON INSURANCE COMPANY