1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

EVANSTON INSURANCE COMPANY, a company organized under the laws of the State of Illinois;

        Plaintiff,

    v.

AFFINITY LIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada Corporation et al.,

        Defendants.

Case No.: 2:25-cv-00670-CDS-EJY

**ORDER**

This matter came before the Court on Evanston Insurance Company's ("Evanston") Motion for an Order Permitting Service of Defendants Juan Dwayne High and Nathan Vincelette (collectively, the "Unserved Defendants") by Publication and for Additional Time to Serve Summons and Complaint In Interpleader (the "Motion"). ECF No. 164.

Having reviewed the Motion and all related papers and pleadings, the Court finds that Evanston has shown to the satisfaction of the Court: (1) the last known addresses for the Unserved Defendants; (2) the Summons and Complaint have not been personally served on the Unserved Defendants because, despite Evanston's due diligence and efforts to locate them at various addresses located within Nevada and in other states, the Unserved Defendants have not been located within the State of Nevada or elsewhere; and (3) a cause of action exists against Unserved Defendants and Unserved Defendants are necessary and proper parties to the action.

Under Fed. R. Civ. P. 4(e)(1), service of Evanston's Complaint in Interpleader filed in federal court may be effectuated by following Nevada state law pertaining to proper service. Nevada Rule of Civil Procedure 4.4 (c) allows for service by publication. Evanston has met the requirements of Nev. R. Civ. P. 4.4(c)(1) demonstrating that the Unserved Defendants cannot be found after a diligent search was made. Under Nev. R. Civ. P. 4.4(c)(2), Evanston demonstrates that, in addition to what is stated above, (1) after significant efforts, Evanston has been unable to locate and serve the

1

Unserved Defendants, (2) Evanston knows of no reasonable avenues through which to locate a good address for the Unserved Defendants; (3) publication is sought based on facts establishing the Unserved Defendants cannot be found as set forth in Evanston's Motion; (4) the Las Vegas Review Journal, Boulder City Review, Reno Gazette Journal, and the Nevada Appeal are proper publications in which the summons should be published; and (5) the language to be used in the publication is the language set forth in Evanston's Motion.

Evanston further seeks an extension of time within which to serve the Unserved Defendants under Rule 4(m) of the Federal Rules of Civil Procedure. Specifically, Evanston seeks up to and through January 30, 2026 to effect service on the Unserved Defendants. The Court finds good cause for this request.

Accordingly, IT IS HEREBY ORDERED that Evanston Insurance Company's Motion for an Order Permitting Service by Publication and for Additional Time to Serve (ECF No 164) is GRANTED.

IT IS FURTHER ORDERED that publication in the Las Vegas Review Journal, Boulder City Review, Reno Gazette Journal, and the Nevada Appeal must run once a week for four consecutive weeks. Service of the Summons and Complaint will be deemed complete upon the expiration of four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Evanston's request to extend time to serve is GRANTED. Service must be accomplished no later than January 30, 2026.

IT IS FURTHER ORDERED that after completing service by publication, Evanston must submit a Notice of Compliance with the Court.

Dated this 15th day of October, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2