1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

4

5

6

7

8

9

10

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, a company organized under the laws of the State of Illinois; | Case No.: 2:25-cv-00670-CDS-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| AFFINITY LIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada Corporation et al., | |
| Defendants. | |

11

12

13

14

15

16

17

18

19

Pending before the Court is Plaintiff's Application for Leave to Deposit Funds in the Court's Registry (the "Application"). ECF No. 6. A group of Defendants claiming personal injury filed an Opposition to Plaintiff's Application found at ECF No. 85.[1] Defendants KeHE Distributors of Nevada, LLC and KeHE Distributors, Inc. filed a Limited Oppositions at ECF No. 115. Defendant Lisa King joined the personal injury Defendants' Opposition at ECF No. 142. Ryan Carrier and Arika Carrier, individually and on behalf of their minor children Hera Carrier and Finn Carrier, joined the same Opposition at ECF No. 157. On December 17, 2025 Plaintiff filed its Status Report demonstrating all Defendants were served with the Complaint and Application to Deposit Funds—the last two by publication. ECF Nos. 179 at 4, 179-4.

20

**I.     The Parties' Arguments**

21

22

Plaintiff moves to deposit funds citing 28 U.S.C. § 1335. ECF No. 6 at 3. Plaintiff's assert the Court has jurisdiction over this matter under this statute. *Id*. 6 at 3-4. Plaintiff further cites and

23

24

25

26

27

28

---

[1]     These Defendants include: Yvonne Arnone; Andria Bordenave; Monica Branch-Noto; Pamela Brown; Niegal Davis-Richard; Vanya Diaz; Kathleen Gacias; Matthew Gonzalez; Tevis Hurst, individually and as Administratrix of the Estate of Milo Hurst; Yaniv Ittah, as Special Administrator of the Estate of Adir Ittah; Kourosh Kaveh; L. Kaveh, a minor child, by and through her parents Kourosh Kaveh and Jill Raw; Ginger Land-Van Buuren; Vincent Linke; Cary Mano; Jose Martinez; Gray Maynard; Karla Moreno; Lorenzo Muniz; Cheryl Nally; Jill Raw; Candice Sharapov; Nikolay Sharapov; L. Sharapov, a minor child, by and through his parents Nikolay and Candice Sharapov; Z. Sharapov, a minor child, by and through his parents Nikolay and Candice Sharapov; Carolyn Strong; Li Ching Tao; Daniel Taylor; Joseph Tegano; Monica Vozza; Steven Wadkins; Daisy Wei; Sante Williams; L.O. Williams, a minor child, by and through her mother Sante Williams; L.Y. Williams, a minor child, by and through her mother Sante Williams; Brandi Wren; Christopher Brian Wren; Emely Wren; and C.N. Wren, a minor child, by and through his Guardians Ad Litem, Christopher Brian and Emely Wren.

relies on Federal Rule of Civil Procedure 67 and United States District Court for the District of Nevada Local Rule 67-1 submitting they have met all requirements for interpleading funds. *Id*.

Defendants argue Plaintiff's Application is premature because not all Defendants were served at the time the Application was filed, and by incorporating by reference arguments raised in their Motion to Dismiss. ECF No. 85 at 4-5. However, Defendants do not summarize let alone repeat these arguments for the Court. *Id*., generally. As explained in *Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1129 n.8 (D. Nev. 2021), a "party wishing to present" an argument to a court must do so "in a brief, clear, and concise fashion—not direct the court to search through ... previously filed briefs to find an argument." *Id*. citing *Friends of Moon Creek v. Diamond Lake Improvement, Ass'n, Inc.*, Case No. CV-13-0396-JLQ, 2015 WL 2250456, at *1 (E.D. Wash. May 13, 2015).

## II.    Discussion

Under 28 U.S.C. § 1335 this Court has jurisdiction over this matter if: (1) the res is valued at $500 or more; (2) two or more adverse claimants are citizens of different states; and (3) the plaintiff deposits the res into the registry of the court. Specifically, the res to be deposited must be "under the control of the person bringing the lawsuit so as to be deliverable to the registry of the court." *Nevada v. Pioneer Companies, Inc.*, 245 F. Supp. 2d 1120, 1125 (D. Nev. 2003), *citing General Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 56 (10th Cir.1977).

Further, Rule 67(a) of the Federal Rules of Civil Procedure states:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). The decision whether to allow a Rule 67 deposit lies within the sound discretion of the court. *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, Case No. 2:20-cv-401-RSM-DWC, 2020 WL 5526686, at *2 (W.D. Wash. Sept. 15, 2020) (internal citation omitted).

"An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v.*

*Kuckenmeister,* 619 F.3d 1010, 1024 (9th Cir. 2010).  Then, "[i]f the district court finds that the interpleader action has been properly brought" in the second stage, "the district court will then make a determination of the respective rights of the claimants."  *Id.*

Here, the Court is concerned only with the first stage of this interpleader action; that is, the deposit of funds.  The Court finds all Defendants have been served (ECF No. 179-4), the res is value at more than $500 (*see* ECF No. 6 at 4), the funds to be deposited are under Plaintiff's control (*id.*), and there is a single fund at issue (*id.*).  These funds are ready to be deposited with the Court.  The Court further finds there is no substantive reason offered by Defendants to deny the Application and permit deposit of the funds presented.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Deposit Funds in the Court's Registry (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is to accept Plaintiff Evanston Insurance Company's deposit of $1,000,000, representing the limit of the Evanston Commercial Excess Liability Policy No. EZXS3023095(the res at issue in this action); provided, however, the deposit of funds is **stayed** until such time as the pending Motions to Dismiss (ECF Nos. 84 and 152) are decided by the Court.  Upon final resolution of these Motions to Dismiss, the stay is automatically lifted— that is, no further order of the Court is required—and Plaintiff may proceed with the deposit of the funds, which the Clerk of Court must accept.

Dated this 18th day of December, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3