UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Evanston Insurance Company,<br><br>     Plaintiff<br><br>v.<br><br>Affinitylifestyles.com, et al.,<br><br>     Defendants | Case No. 2:25-cv-00670-CDS-EJY<br><br>**Order Denying in Part the Defendants'**<br>**Motions to Dismiss and Granting**<br>**Alternative Relief to Stay the Case**<br><br>[ECF Nos. 84, 152] |

This is an interpleader action brought by plaintiff Evanston Insurance Company against corporate and individual defendants. *See* Compl., ECF No. 1. On May 20, 2025, several defendants[1] moved to dismiss, or in the alternative, stay this action (MTD-1). MTD-1, ECF No. 84. Several defendants[2] move to join MTD-1. Joinders, ECF Nos. 87, 91, 143, 158, 166. Evanston filed an opposition to the dismissal motion, on June 3, 2025. MTD-1 opp'n, ECF No. 105. This motion is fully briefed. *See* Replies, ECF Nos. 119, 158, 166.

---

[1] This group of defendants are: Yvonne Arnone; Andria Bordenave; Monica Branch-Noto; Pamela Brown; Niegal Davis-Richard; Vanya Diaz; Kathleen Gacias; Matthew Gonzalez; Tevis Hurst, individually and as Administratrix of the Estate of Milo Hurst; Yaniv Ittah, as Special Administrator of the Estate of Adir Ittah; Kourosh Kaveh; L.K., a minor child, by and through her parents Kourosh Kaveh and Jill Raw; Ginger Land-Van Buuren; Vincent Linke; Cary Mano; Jose Martinez; Gray Maynard; Karla Moreno; Lorenzo Muniz; Cheryl Nally; Jill Raw; Candice Sharapov; Nikolay Sharapov; L.S., a minor child, by and through his parents Nikolay and Candice Sharapov; Z.S., a minor child, by and through his parents Nikolay and Candice Sharapov; Carolyn Strong; Li Ching Tao; Daniel Taylor; Joseph Tegano; Monica Vozza; Steven Wadkins; Daisy Wei; Sante Williams; L.O.W., a minor child, by and through her mother Sante Williams; L.Y.W., a minor child, by and through her mother Sante Williams; Brandi Wren; Christopher Brian Wren; Emely Wren; and C.N.W., a minor child, by and through his Guardians Ad Litem, Christopher Brian and Emely Wren (herein, Group 1). *See* MTD-1, ECF No. 84 at 3 n.1.
[2] These defendants include: Allon Adar-Burla Catherine Britton (ECF No. 87); Kristina A. Allen, Robert L. McGovern, and Gracie Zimmerman (ECF No. 91); Lisa King (ECF No. 143); Tiquionte Henry, Judith Ryerson, as Special Administrator and heir of the Estate Kathleen Ryerson, Andrea Bonnar, as Special Administrator of the Estate of Stephan Bonnar, and Jenna Consiglio (ECF No. 166); Ryan Carrier and Arika Carrier, individually and on behalf of their minor children H.C. and F.C. (ECF No. 158). The joinders to the motion to dismiss are granted.

On September 8, 2025, a second group of defendants filed a motion to dismiss, or in the alternative, to stay this case (MTD-2). MTD-2, ECF No. 152.[3] This motion is also fully briefed. *See* MTD-2 opp'n, ECF No. 161; Reply, ECF No. 162. For the reasons set forth herein, I deny in part the defendants' motions to dismiss, and I grant alternative relief to stay the case.

I.      **Legal standard**

        A. **Motion to dismiss**

        Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015). The court is "not 'required to accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

---

[3] The second group of defendants are: Bryan Abele; Sandra Abele; T.A., a minor child, through his parents Bryan and Sandra Abele; Brenda Alaniz, as Guardian ad Litem for Abraham Olvera; Agnes Aleksander; Sylvia Atanasova; Richard Belsky; Jereme Botiz; Miriam Brody; Hunter Brown; Sarah Callovi; Nicole Chang; James Delmar; Tina Hartshorn; James Hu; Myles Hunwardsen; Lorraine Kalayanaprapruit; Jorge Morales; S.M., a minor child, by and through his father Jorge Morales; Glen Morris; Abraham Olvera; Bruce Parent; Cheri Rasmussen; Jill Raw; Jazmin Schaffer; Christina Sosa; Patricia Sutherland, as Heir of Kathleen Mustain Ryerson (herein, Group 2). *See* MTD-2, ECF No. 152 at 3 n.1.

2

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim has facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).

### B. Interpleader complaints

The "primary purpose" of an interpleader action is to protect disinterested stakeholders from multiple liability and the expense of several lawsuits. Fed. R. Civ. P. 22; *see also Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). "An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010)) (cleaned up); *see also* Fed. R. Civ. P. 22(a); 28 U.S.C. § 1335. Then, "[i]f the district court finds that the interpleader action has been properly brought," in the second stage, "the district court will then make a determination of the respective rights of the claimants." *Id.* (quoting *Mack*, 619 F.3d at 1023–24).

Depositing the disputed funds into the court's registry is also "a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335." *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81–82 (9th Cir. 1982). Federal Rule of Civil Procedure 67 "provides the mechanism" for a party to relieve itself of responsibility for a disputed fund by depositing it with the court. *Methven & Associates Professional Corp. v. Paradies-Stroud*, 2014 WL 231654, at *2 (N.D. Cal. Jan. 21, 2014). The decision whether to grant a motion to deposit is committed to the Court's discretion. *Id.*

However, "[i]n order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F. 3d 887, 894 (9th Cir. 2012). The good-faith standard "is not an onerous requirement." *Id.* (citing 4 James Wm. Moore, *Moore's Federal Practice* § 22.03 (3d ed. 1997)). The threshold for establishing good faith is necessarily low as not to conflict with the pragmatic purpose behind interpleader; that is "for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Id.*

## II. Discussion

### A. The motions to dismiss are denied.

As set forth in the complaint, Evanston seeks to interplead $1,000,000 liability limit for the excess insurance policy (the Policy) it issued to Real Water, Inc. (RWI). ECF No. 1 at 4, ¶ 1. As alleged, the amount being interpleaded is based on the competing claims pending against RWI, Real Water of Tennessee, and defendant Affinitylifestyles.com made by dozens of individuals who allege they suffered bodily injuries upon consuming Real Alkalized Water. *Id.* There are additional suits that remain pending. *Id.* at 4, ¶¶ 1–3.

As background, Evanston issued a liability policy to RWI that is in excess of at least one of the Liberty Insurers' policies.[4] *Id.* at 5, ¶ 4. Because Evanston is an excess carrier, the Policy is not triggered unless and until the underlying layers of insurance are first exhausted. *Id.* On January 28, 2025, Evanston moved to intervene in the adversary proceedings so that, in the event the bankruptcy court allowed the Liberty Insurers to interplead their insurance proceeds, Evanston would also be permitted to interplead its full $1,000,000 excess liability limit. *Id.* at 5, ¶ 5. On March 11, 2025, the bankruptcy court entered an order dismissing the adversary proceeding for lack of bankruptcy court jurisdiction and denied as moot Evanston's motion to

---

[4] The Liberty Insurers are identified as Ohio Security Insurance Company, Peerless Indemnity Insurance Company, The Ohio Casualty Insurance Company, and West American Insurance Company. ECF No. 1 at 4, ¶ 3. The Liberty Insurers filed a separate declaratory action order to obtain a judicial determination of their rights and obligations under the policies issued by them to Real Water. *Id.*

4

intervene. *Id.* at 5, ¶ 6. As explained in the complaint, the bankruptcy court determined that the automatic stay of litigation imposed by 11 U.S.C. § 362(a) is not applicable to Evanston's interpleader of its policy proceeds. So Evanston asserts that it is permitted to pursue its interpleader action in any non-bankruptcy court of competent jurisdiction. *Id.*

Group 1 moves to dismiss Evanston's interpleader complaint, arguing: (1) the complaint is not ripe because Evanston admits that its liability is contingent upon the tender of the Ohio Insurers' policies, which has not occurred and remains a contingent future event; (2) Evanston is not a disinterested stakeholder threatened with multiple liability over a single fund at issue; (3) Evanston incurred independent liability to multiple 2020 claimants by failing to accept reasonable offers of judgment; (4) significant equitable concerns prevent the use of interpleader; (5) Evanston has failed to properly serve and join several claimants, as well as Ohio Insurers, who are indispensable parties; and (6) ongoing state court proceedings will adequately resolve the issues presented in this interpleader action.[5] *See* ECF No. 84. Evanston responds that the court should deny Group 1's motion because it is an effort to embroil this case with the complex underlying state court proceedings and unadjudicated, and unproven claims of insurance bad faith. ECF No. 105 at 6.

First, Group 1's argument that this complaint is not ripe is unpersuasive. Group 1 asserts that Evanston's interpleader action is premature and unripe because it is contingent on the exhaustion of the Ohio Insurers' 2020 policy limits, which has not occurred. ECF No. 84 at 12. In other words, they assert that the claimants are pursuing the bad faith rights against the Ohio Insurers and Evanston's obligations have not been triggered unless and until the underlying layers of insurance are first exhausted. *Id.* (citing ECF No. 1 at 5, ¶¶ 4, 115). In opposition, Evanston asserts that its interpleader action is ripe where it is likely that the insurance underlying the Evanston policy will be exhausted. ECF No. 105 at 7.

---

[5] I address Group 1's sixth ground for relief in the motion to stay analysis.

Evanston's complaint is ripe for adjudication because Evanston has sufficiently alleged the potential for exhaustion of the underlying coverage. *See Fremont Reorganizing Corp. v. Federal Ins. Co.*, 2010 WL 444718, at *3–5 (C.D. Cal. Feb. 1, 2010) (insured may state a contractual claim against its excess insurer for non-payment prior to exhaustion of the primary policy where the plaintiff alleges a loss that exceeds the limit of the primary coverage); *Twombly*, 550 U.S. at 570 (explaining that the plaintiff must only allege facts sufficient to state a plausible claim). As such, I deny Group 1's motion to dismiss on this basis.

Second, Group 1's argument that Evanston is not a disinterested stakeholder because "it has incurred independent liability to multiple claimants under the rejected offers of judgment within policy limits" is also unpersuasive. ECF No. 84 at 14–15. Group 1 also argues that "Evanston does not face multiple liability over a 'single fund at issue'—i.e. the policy limit being the single fund—because Evanston may be obligated to pay more than the policy limit due to its failure to settle or compromise with [the] Claimants." *Id.* at 15.[6] In opposition, Evanston asserts that it is a proper disinterested stakeholder that faces multiple liability, making interpleader a proper remedy. ECF No. 105 at 7.

"A court should readily discharge a disinterested stakeholder from further liability absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader." *Augustar Life Assur. Corp. v. Terrana*, 2025 U.S. Dist. LEXIS 161014, at *6 (E.D. Cal. Aug. 18, 2025) (citing *OM Fin. Life Ins. Co. v. Helton*, 2010 WL 3825655, at *3 (E.D. Cal. Sep. 28, 2010)). Here, the crux of Group 1's argument is that Evanston is subject to bad faith claims (ECF No. 84 at 15), so they cannot be a disinterested stakeholder. But it is not for this court to decide the merits of bad faith claims against Evanston. *See Mack*, 619 F.3d at 1024 ("For interpleader to be held improper based on the merits of the claims being asserted against [the] stakeholder, courts would be required to address the merits of the claims before propriety of the interpleader."). Indeed, even

---

[6] Because the second and third grounds are intertwined, I address both here.

Group 1 acknowledges that the alleged "bad faith" claims are subject to separate issues being pursued in state court action. ECF No. 84 at 15. As such, even if Evanston is liable for bad faith claims, that will be the subject of separate litigation, and any awards associated with such claims would not come from interpleaded funds at issue here. Accordingly, this argument does not entitle Group 1 to relief.

Third, Group 1 argues that this action should be dismissed because of serious equitable concerns, namely the application of the doctrine of laches applies. ECF No. 84 at 16. Laches bars a plaintiff who, "with full knowledge of the facts, acquiesces in a transaction and sleeps upon [their] rights." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950–51 (9th Cir. 2001) (citation modified). A defendant is entitled to relief under the doctrine where the defendant proves "both an unreasonable delay by the plaintiff and prejudice to itself." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000); *see also Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226 (9th Cir. 2012) ("To prove laches, a claimant must show unreasonable delay and prejudice"). Interpleader may be inappropriate if a claimant asserts laches. *See U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 208 (3d Cir. 1999).

Group 1 argues that this action is barred by the doctrine of laches because Evanston unreasonably delayed filing its interpleader action for years, and the delay has prejudiced claimants. ECF No. 84 at 16 (citing *Evergreen Safety Council*, 697 F.3d at 1226). Further Group 1 argues that Evanston has been on notice of potential claims against its policy coverage since early 2021, but it did not seek to interplead its insurance proceeds when the cases were first filed. *Id.* In opposition, Evanston argues that neither the equitable doctrines of laches or unclean hands prohibits this action because Evanston's interpleader is timely, and Evanston's actions are not inequitable. ECF No. 105 at 7. Evanston also asserts that Group 1 offers no facts to establish the requirements to show delay and fails to establish the prejudice elements. ECF No. 105 at 19.

I find Evanston's years-long delay in initiating this action unreasonable. *Compare United Invs. Life Ins. Co. v. Grant*, 387 F. App'x 683, 688 (9th Cir. 2010) (applying California law and

determining that the filing an interpleader action fifteen months after receiving a claim and after a minimal, pro forma investigation, was not reasonable as a matter of law), *with In re Tech. Equities Corp.*, 163 B.R. 350, 356 (Bankr. N.D. Cal. 1993) (finding National Union unreasonably delayed filing the interpleader action for a year where National Union never contested its liability an at-issue), *with Macpherson-Pomeroy v. N. Am. Co. for Life & Health Ins.*, 2025 WL 1727092, at *6 (E.D. Cal. June 20, 2025) (determining as a matter of law that North American's delay in interpleading funds from July 2019 to February 2020 was unreasonable in light of the circumstances of underlying facts). Attempts to settle the policy through the bankruptcy court aside, Evanston has long known of the judgments issued and Evanston does not dispute this (ECF No. 84 at 16; ECF No. 105 at 19), yet Evanston did not bring this claim for years after first learning of the claims. Nonetheless, while Group 1 meets its burden showing Evanston acted unreasonably by waiting to initiate this action, it does not meet its burden showing it is prejudiced by the delay. Indeed, Group 1's own motion argues that the complaint is both premature and not ripe for adjudication. ECF No. 84 at 11. Further, Group 1 has not provided any support for its position that is has been prejudiced. Consequently, the doctrine of laches does not apply here.[7] For these reasons, Group 1's motion to dismiss on this basis is denied.

Fifth, Group 1's argument that they are entitled to relief because Evanston has not served and joined indispensable parties fails. ECF No. 84 at 18. In opposition, Evanston argues that it has served the vast majority of the long list of defendants named in this action, and if any remain unserved, any service defects are curable. ECF No. 105 at 7. At the time that Group 1 filed their

---

[7] Group 1's argument that Evanston has unclean hands also fails. Group 1 conclusively asserts that Evanston has unclean hands because "Evanston easily could have identified the 2020 Claimants by simply looking at the Claimants' medical records" (ECF No. 84 at 17), but it is unclear how this constitutes unclean hands when Evanston asserted in its complaint that it "has been unable to determine which tort claimants should be entitled to all or some of the policy proceeds." ECF No. 1 at 21, ¶ 123.

8

dismissal motion,[8] the time to effectuate service had not yet run, so this argument was not ripe and is denied accordingly.[9]

**B. Alternative relief seeking to stay the case is granted**.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule . . . does not require that the issues in such [separate] proceedings [be] necessarily controlling of the action before the court." *Id.* at 863–64. However, "'if there is even a fair possibility that the stay will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation modified) (quoting *Landis*, 299 U.S. at 255)). A district court must weigh the competing interests that may be affected by the granting or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among those competing interests are "the possible damage which may result from the granting of a stay" and "the hardship or inequity which a party may suffer in being required to go forward." *Id.*

---

[8] The complaint was filed on April 14, 2025 (ECF No. 1), and the motion to dismiss was filed May 20, 2025 (ECF No. 84).

[9] Because Group 2's motion to dismiss (ECF No. 152) is premised on the same arguments, I apply the same reasoning and deny their motion on this ground. Counsel for Group 2 also separately raised arguments concerning ineffective service for Bruce Parent and Sylvia Atansova. *Id.* However, Group 2's reply indicates that this ground has been resolved and counsel has been granted authority to accept service on their behalf (ECF No. 162 at 8), mooting this argument.

Considering those standards, the court finds a stay is warranted here.[10] The concurrent actions in this court and the bankruptcy court poses potential res judicata concerns. I therefore grant the motion to stay this action until the bankruptcy proceeding (21-14099-nmc) concludes.[11] If the bankruptcy proceeding concludes and the parties still seek to bring a motion to dismiss, it must file a motion for leave to do so setting forth the reasons why it is necessary to this action.

### III.    Conclusion

IT IS HEREBY ORDERED that Group 1 and Group 2 defendants' motions to dismiss **[ECF Nos. 84, 152] are DENIED in part as set forth in this order. Alternative relief staying the case is GRANTED.** This action is stayed until the bankruptcy proceeding concludes.

IT IS FURTHER ORDERED that the defendants' joinders **[ECF Nos. 87, 91, 143, 158, 166] are GRANTED.**

Dated: March 18, 2026

_____
Cristina D. Silva
United States District Judge

---

[10] The court also considers its prior ruling (*National Union Fire Insurance Company of Pittsburgh v. Affinitylifestyles.com, Inc.*, 2:25-cv-00083-CDS-EJY), Group 1's argument that state court action would likely obviate the need for any interpleader action (ECF No. 84 at 20, 23), and its authority to manage its docket. *See Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010).

[11] A review of the bankruptcy docket indicates that there remain ongoing matters to be resolved. *See* ECF No. 924 in 21-14099-nmc.