JEFFREY N. LABOVITCH (NBN 10915)
jlabovitch@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
4225 Executive Square, Suite 1250
La Jolla, CA 92037
Telephone:      (858) 257-0700
Facsimile:      (858) 257-0701

JUSTIN J. BUSTOS (NBN 10320)
JBustos@dickinsonwright.com
DICKINSON WRIGHT PLLC
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Telephone:      (775) 343-7500
Facsimile:      (844) 670-6009

*Designated solely for personal service
pursuant to District of Nevada LR IA 11-1(b)*

Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, a company organized under the laws of the State of Illinois,<br><br>                    Plaintiff<br><br>v.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, *et al.*,<br><br><br>                    Defendants | Case No.: 2:25-cv-00670-CDS-EJY<br><br>**STIPULATION REGARDING DISCLAIMER OF INTEREST AND DISMISSAL OF DEBTOR DEFENDANTS**<br><br>[ECF No. 205] |

Plaintiff Evanston Insurance Company ("Plaintiff")  and Ryan A. Andersen, Chapter 7 Trustee ("Trustee") for the estates of Affinitylifestyles.com, Inc. d/b/a Real Water, Real Water, Inc., and Real Water of Tennessee, LLC ("Debtor Defendants"), by and through their counsel of record, hereby stipulate as follows:

WHEREAS, on April 14, 2025, Evanston filed a Complaint in Interpleader ("Interpleader Action") in the above-captioned action seeking to deposit into the registry of the Court insurance policy proceeds in the amount of $1,000,000 ("Interpleader Proceeds") related to Commercial Excess Liability Policy No. EZXS3023095 issued to Real Water, Inc. (the "Evanston Policy") and to resolve competing claims to those proceeds;

WHEREAS, on April 8, 2026, Plaintiff deposited the Interpleader Proceeds into the registry of this Court [ECF No. 192];

WHEREAS, Plaintiff named numerous defendants in the Interpleader Action, including the Debtor Defendants, in order to ensure that all parties who may claim an interest in the Interpleader Proceeds were before the Court;

WHEREAS, on March 6, 2026, the Trustee filed a Motion to Dismiss the Complaint in the Interpleader Action as against the Debtor Defendants [ECF 182]; and,

WHEREAS, Plaintiff and the Trustee have agreed to a dismissal of the Debtor Defendants from this Interpleader Action pursuant to the terms of this Stipulation;

NOW THEREFORE, PLAINTIFF and the TRUSTEE stipulate and agree to the following:

1. The Trustee, on behalf of Debtor Defendants and on behalf of the bankruptcy estate, asserts no estate interest in the Interpleader Proceeds deposited with the Clerk of the Court;

2. Nothing in this Order shall be construed to enjoin, restrict, or otherwise affect any claim against Plaintiff for bad faith, breach of contract (to the extent such claims do not seek Interpleader Proceeds from the Evanston Policy), breach of the implied covenant of good faith and fair dealing, violations of NRS 686A.310, or any other extra-contractual or tort claim seeking damages independent of and in excess of the Insurance Proceeds deposited with this Court. This Order does not constitute a finding or adjudication regarding the merits of any such claim;

3. Any relief sought or obtained by Plaintiff in this Interpleader Action shall not include, and shall not be construed as, a release or adjudication of any bad faith or

extracontractual rights and/or claims that the Trustee, the Debtor Defendants, or the bankruptcy estates may have against Plaintiff in any other action or proceeding; likewise any relief sought or obtained by Plaintiff in this Interpleader Action shall not include, and shall not be construed as a release or adjudication of any rights and/or claims Plaintiff may have against the Trustee, Debtor Defendants or the bankruptcy estate;

4. The Trustee, on behalf of the Debtor Defendants and the bankruptcy estate, hereby disclaims any and all interest in the Interpleader Proceeds that are the subject of this Interpleader Action;

5. The Trustee, on behalf of the Debtor Defendants and the bankruptcy estate, agrees that it will not seek distribution of the Interpleader Proceeds in any court on behalf of itself, the Debtor Defendants, the bankruptcy estate or any other party; and

6. Subject to paragraph 2, the Trustee, on behalf of the Debtor Defendants and the bankruptcy estates, agrees to be bound by any and all orders and judgments entered by this Court in this Interpleader Action.

In light of the above, Plaintiff agrees to dismiss Debtor Defendants from this action. Within five days of entry of the order approving this Stipulation, the Trustee, on behalf of the Debtor Defendants, shall move to withdraw the Debtor Defendants' pending Motion to Dismiss (ECF No. 182).

The dismissal of the Debtor Defendants from this action is without prejudice to any rights, claims, or defenses that Plaintiff or the Debtor Defendants may assert against one another in any other action or proceeding;

Nothing in this Stipulation shall be construed as an admission by any party, a waiver of any claims or defenses, or a determination by this Court regarding any rights or liabilities between Plaintiff and the Debtor Defendants outside of this interpleader action;

3

Each party shall bear its own attorneys' fees and costs relating to the Debtor Defendants' motion and this stipulation.

**IT IS SO STIPULATED.**

Dated:  May 8, 2026                NICOLAIDES FINK THORPE
                                   MICHAELIDES SULLIVAN LLP

                                   By:_____/s/ Jeffrey N. Labovitch_____
                                          Jeffrey N. Labovitch
                                          Attorney for Plaintiff
                                          EVANSTON INSURANCE COMPANY


Dated:  May 8, 2026                BANKRUPTCY RECOVERY GROUP, LLC

                                   By:_____/s/ Gregory E. Garman_____
                                          Gregory E. Garman
                                          Talitha Gray Kozlowski
                                          Dylan Ciciliano


                                   HOUMAND LAW FIRM, LTD.

                                   By:_____/s/ Jacob L. Houmand_____
                                          Jacob L. Houmand
                                          Bradley G. Sims

                                   Attorneys for
                                   Ryan A. Andersen, Chapter 7 Trustee for the
                                   estates of Affinitylifestyles.com, Inc.,
                                   Real Water, Inc., and Real Water of Tennessee,
                                   LLC


                                   Based on the parties' stipulation,
                                   Affinitylifestyles.com, Inc. d/b/a Real Water, Real
                                   Water, Inc., and Real Water of Tennessee, LLC
                                   ("Debtor Defendants") are dismissed without
                                   prejudice, with each party to bear its own costs and
                                   fees.


                                   _____
                                   UNITED STATES DISTRICT JUDGE

                                   DATED:  May 14, 2026

4